UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund; and John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Sunrise Carpenters LLC and Kathleen M. Schupp, individually,<br><br>Defendants. | Civil File No. _____<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendants Sunrise Carpenters LLC and Kathleen M. Schupp, allege and state the following:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c) (9).

2. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Twin City Carpenters Pension Master Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section

302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3. Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to I.R.C. § 501(c) (3).

4. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the respective fringe benefit funds named herein and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Defendant Sunrise Carpenters LLC is a limited liability company organized under the laws of the State of Minnesota with a registered address of 11580 245th Street, Chisago City, MN 55013. Defendant employs individuals in the carpentry construction industry and is therefore an employer within the meaning of Section (3) (5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Kathleen M. Schupp is an individual and an owner and/or officer of Sunrise Carpenters LLC. She has agreed to be personally liable to the Plaintiffs for the fringe benefit contribution obligations set forth in a labor contract. Defendant Kathleen M. Schupp is therefore an employer within the meaning of Section (3) (5) of ERISA, 29 U.S.C. § 1002(5).

7. This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due

per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e) (1), 29 U.S.C. § 1132(e) (1); ERISA § 502(a) (3), 29 U.S.C. § 1132(a) (3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8. The trust funds and plans for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Failure to Submit Reports and Contributions

9. Since November 23, 2016, Defendants have been bound to the terms of a Collective Bargaining Agreement ('hereinafter "CBA") negotiated between the Carpentry Contractors Association and the North Central States Regional Council of Carpenters in relation to all carpentry work covered by that Agreement.

10. By signing on behalf of the corporation, Defendant Kathleen M. Schupp agreed to be personally bound to the Carpentry Contractors Association CBA and individually liable for the full and faithful performance of all the terms and provisions of the Carpentry Contractors Association CBA, including liability as to the payment of fringe benefit contributions required by the agreement.

11. The CBA requires employers, such as Defendants, to make fringe benefit contributions to fringe benefit plans for which Plaintiffs are Trustees in accordance with their terms. These fringe benefit contributions must be made on behalf of all employees covered by the

CBA for all hours worked in the geographic jurisdiction of each contract in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

12. Defendants, as employers bound to the CBA, are required to complete a report form with the information required by the Trustees, identifying each employee covered by the CBA and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation as the administrative agent designated by the Plaintiff Trustees.

13. Defendants Sunrise Carpenters LLC and Kathleen M. Schupp have breached their obligations under the CBAs by failing to submit the monthly fringe fund reports and pay the contributions due and owing for the months of May 2017 to the present.

14. Upon information and belief, Defendants have employed individuals performing work covered by the jurisdiction of the CBA during these months and will continue to employ such individuals.

15. Pursuant to ERISA §515 and §502(a)(2), Defendants are liable for all fringe benefit contributions owed for hours worked by covered employees between May 2017 the present, or through the date of judgment.

16. Every month, until this matter is resolved either through dismissal or through judgment, the Defendants will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendant will be delinquent for each such month.

17. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees is established.

18. In this instance, Defendants are liable to Plaintiffs for an additional 10% of the fringe benefit contributions disclosed to be due per the reports for the months of May 2017 to the present (or all reports owed through the date of judgment). In addition, throughout the litigation of this matter, as set forth above, fringe benefit reports and payment for fringe benefit contributions will continue to become due. If the Defendants fail to timely submit a report and/or payment for the fringe benefit contributions for any subsequent month, *e.g.* January 2018 contributions are due on February 15, 2018, Defendants will be liable to the Plaintiffs for an additional 10% of the fringe benefit contribution amounts disclosed by the Defendants on the report form for that particular month.

19. The CBA and the Agreements and Declarations of Trust under which the trust fund for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, provide that Defendants are liable to Plaintiffs for reasonable attorney's fees and costs of this action.

20. Defendants are liable for all unpaid fringe benefit contributions owed pursuant to the CBA and ERISA §515 for May 2017 forward and through the date of an order or judgment, liquidated damages, interest, and reasonable attorney's fees and costs as set forth in ERISA §502(g).

## COUNT II
### Right to Audit- November 2016 forward

21. Plaintiffs re-allege and incorporate by reference herein, all preceding paragraphs.

22. The CBA also requires employers, such as Defendants, to make available employment and payroll records for examination and audit by the Plaintiffs' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

23. Plaintiffs have requested that Defendants produce a complete set of all employment and payroll records for Sunrise Carpenters LLC for the period of November 2016 through the present for the purpose of auditing Defendant's compliance with the terms of the CBA and compliance with Section 515 of ERISA.

24. Upon information and belief, there have been hours worked by Defendant's employees for which fringe benefit contributions were not remitted.

25. Unless Defendants are ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

26. In addition to the fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate

provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

27. The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action, and any costs incurred in performing the audit.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendants Sunrise Carpenters LLC and Kathleen M. Schupp, individually, as follows:

1. For an order requiring Defendant to immediately submit the fringe benefit fund reports for the months of May 2017 to the present, and all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees, and to further enjoin the Defendant from failing to timely submit reports and contributions.

2. For judgment for amounts to be proven at trial for delinquent fringe benefit contributions shown to be owing pursuant to those reports for the period of May 2017 to the present, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

3. A judgment ordering and adjudging that each Defendant is required to produce for inspection and audit the following of their business records, for the audit period of November 2016 through the present:

    a. All payroll registers or journals;

    b. All time cards;

    c. All Internal Revenue 941 quarterly reports;

    d. All Form 1099s and 1096s;

    e. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

    f. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

    g. All cash disbursement reports or journals;

    h. All business checking account registers or journals;

    i. All checking account bank statements including copies of all checks issued from the accounts;

    j. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

    k. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

    l. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4.    A judgment against each Defendant for all unpaid fringe benefit contributions and liquidated damages discovered to be due during the audit period of November 2016 through the present, plus all additional amounts to which the Plaintiffs are entitled, including an award of interest on the unpaid fringe benefit contributions through the date of the judgment or double interest if greater than the interest and liquidated damages.

5. A judgment for all amounts which become due per the reports which Defendant are obligated to submit throughout this litigation, including an additional 10% of any fringe benefit contribution amounts reported for the liquidated damages.

6. An award of interest, liquidated damages and any other penalties available under ERISA §502(g).

7. For an award of costs, disbursements and attorney fees according to law.

8. For such other and future relief as the Court deems proper.

Respectfully submitted,

Date:  January 4, 2018.               **KUTAK ROCK LLP**

By: */s/ Amanda R. Cefalu*
  Amanda R. Cefalu (#0309436)
  Bryan Morben (#0396624)
  60 South Sixth Street, Suite 3400
  Minneapolis, MN 55402
  Telephone: (612) 334-5000
  Facsimile:  (612) 334-5050
  Email:  Amanda.Cefalu@Kutakrock.com
       Bryan.Morben@Kutakrock.com